UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___1:21-mj-03499-AOR___

UNITED STATES OF AMERICA

vs.

VIRGEN DE JESUS HERRERA-NUNEZ and
DIONIS SMITH-MOREL,

        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   __ Yes   X   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes   X   No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes   X   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _/s/ Richard E. Getchell_
RICHARD E. GETCHELL
Assistant United States Attorney
FLA. BAR NO. 817643
11200 N.W. 20th Street
Miami, Florida 33172
(305) 715-7647
(786) 564-9126 (cell)
Richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>VIRGEN DE JESUS HERRERA-NUNEZ,<br>and<br>DIONIS SMITH-MOREL,<br><br>*Defendant(s)* | Case No. 1:21-mj-03499-AOR |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about _July 19, 2021_, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |
| Title 46, United States Code, Section 70503(a)(1) | Possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA S/A CHARLES H. NOONAN
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 7/29/21

_____
*Judge's signature*

City and state: Miami, Florida

ALICIA M. OTAZO-REYES, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles H. Noonan, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the United States Department of Justice, Drug Enforcement administration and have served in this capacity since January 1996. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate, including maritime trafficking organizations. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause **Virgen De Jesus HERRERA-NUNEZ ("HERRERA-NUNEZ")** and **Dionis SMITH-MOREL ("SMITH-MOREL")** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), and did knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

## PROBABLE CAUSE

4. On or about July 19th, 2021, while on patrol in the area of the Caribbean Sea, USS SIOUX CITY with embarked law enforcement detachment ("LEDET") District 7 ("D7"), located a target of interest ("TOI") operating in international waters, approximately 100 nautical miles north of Aruba. USS SIOUX CITY crewmembers identified the TOI as a go fast vessel ("GFV") displaying no indicia of nationality, with two persons, numerous visible packages and fuel drums observed onboard. To investigate further, USS SIOUX CITY launched their helicopter ("HELO") and their rigid hull inflatable boat ("RHIB"), manned with a United States Coast Guard Legal Detachment (LEDET) boarding team ("BT") to intercept the GFV.

5. The HELO reported observing the jettison of packages and deployed a smoke float to mark the position of the jettisoned packages. The HELO also deployed 18 warning shots, after which the GFV came to a stop. The LEDET boarding team (BT) was able to recover one of the jettisoned packages en-route to the GFV.

6. After receiving authorization to conduct a right of visit (ROV) boarding, the RHIB

approached the GFV and the BT asked routine ROV questions. The BT identified the GFV crewmembers as **Virgen De Jesus HERRERA-NUNEZ** and **Dionis SMITH-MOREL**, both Dominican nationals.

7. **HERRERA-NUNEZ** identified himself as the person in charge ("PIC") of the vessel and made no claim of nationality for the vessel. At this time, the BT was granted authorization to treat the vessel as one without nationality ("TWON") and therefore subject to the jurisdiction of the United States, and to conduct a full law enforcement boarding to enforce U.S. laws.

8. During the subsequent search of the GFV, no contraband was located on the vessel. The BT recovered twenty-three (23) total bales from the marked debris field with an at sea weight of 575 kilograms of suspected cocaine. The BT conducted two NIK tests, which are presumptive drug tests utilized in the field for the detection and identification of trace amounts of narcotics, on the recovered bales, which yielded positive results for cocaine. Based on my training and experience, and that of other officers involved in this investigation, I know that maritime smugglers transporting large quantities of cocaine intend to distribute the contraband to others at the end of their journey.

9. At this time, the BT detained **HERRERA-NUNEZ** and **SMITH-MOREL**, who were moved to USS SIOUX CITY for transport to the U.S. Naval Station at Guantanamo, Cuba. On July 28, 2021, the defendants were transferred to custody of the Drug Enforcement Administration and transported by air to Fort Lauderdale International Airport for transfer to and prosecution in United States District Court in Miami, Florida.

## CONCLUSION

10. Based upon the information provided above, I respectfully submit probable cause exists to believe **HERRERA-NUNEZ** and **SMITH-MOREL** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b). Additionally, I respectfully submit probable cause exists to believe **HERRERA-NUNEZ** and **SMITH-MOREL** did knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
CHARLES H. NOONAN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 29th day of July 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4